IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, MIDWEST OPERATING ENGINEERS PENSION FUND and MIDWEST OPERATING ENGINEERS INDUSTRY ADVANCEMENT FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| EDWARD E. BECKER d/b/a B & T SERVICES, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME Plaintiffs, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, EDWARD E. BECKER d/b/a B & T SERVICES, and allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1145.

2. The Plaintiffs are employee benefit plans administered pursuant to the terms and provisions of Agreements and Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA, 29 U.S.C. §§1001 *et seq.* The address and place of business of the Plaintiffs is Railroad Maintenance and Industrial Health and Welfare Fund, 2725 West Monroe

1

Street, Springfield, Illinois, 62704. The Railroad Maintenance and Industrial Health and Welfare Fund is the collection agent for the other named Plaintiffs.

3. That the Defendant, EDWARD E. BECKER d/b/a B & T SERVICES, is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §§1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by, Operating Engineers Local 150, and said individuals are participants in the Funds, pursuant to the Landscaping Memorandum of Agreement by and between Operating Engineers Local 150 and Defendant. The Landscaping Memorandum of Agreement is attached hereto and made a part hereof as Plaintiffs' **Exhibit A**.

4. The Defendant's address is 4922 West Margaret Street, Monee, Illinois 60449.

5. Pursuant to ERISA, 29 U.S.C. §1145, the Defendant is required to make contributions to the Funds in accordance with the terms and conditions of the Agreements and Declarations of Trust of the Plaintiffs. The Agreements and Declarations of Trust, in pertinent part, are attached hereto and made a part hereof as Plaintiffs' **Exhibits B, C and D**.

6. Pursuant to the Agreements and Declarations of Trust of the Plaintiffs, the Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

7. The Agreements and Declarations of Trust provide that the Trustees of the Funds shall be entitled to institute any appropriate action, including legal action, to remedy an Employer's failure to properly make payment to the Funds.

8. That Plaintiffs have made demand upon the Defendant to permit an audit for the period of May 1, 2001, through current, but Defendant has refused to satisfy said demand.

9. That Plaintiffs are entitled to reasonable attorney fees pursuant to the Agreements and Declarations of Trust and ERISA, 29 U.S.C. §1132(g)(2). Attached hereto and incorporated herein as **Exhibit E** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $805.00 incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A. That an account be taken by the Plaintiffs as to wages received and hours worked by Defendant's employees from May 1, 2001, through current, in order to determine amounts required to be paid by the Defendant to the Plaintiffs;

B. That Defendant be decreed to pay to the Plaintiffs all such monies determined by the audit, interest and statutory remedies, for all contributions due and owing at the time Judgment is entered;

C. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments referred to above, or in lieu thereof, a statement covering the period for which said reports are required that Defendant had no employees for whom contributions are required to be made;

D. That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Agreements and Declarations of Trust of the Plaintiffs;

E. That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees to date in the amount of $805.00, as provided by ERISA, 29 U.S.C. §1132(g)(2) and the respective Agreements and Declarations of Trust of the Plaintiffs; and

F. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

          RAILROAD MAINTENANCE AND INDUSTRIAL
          HEALTH AND WELFARE FUND, Plaintiff,

By:     s/ James P. Moody
        JAMES P. MOODY
        **CAVANAGH & O'HARA**
        Attorney for Plaintiff
        407 East Adams Street
        Post Office Box 5043
        Springfield, IL 62705
        Telephone: (217) 544-1771
        Fax: (217) 544-9894
        jim@cavanagh-ohara.com

F:\files\RAILROAD\B&T Services\Complaint.AUD.wpd

# CIVIL COVER SHEET

E-FILED
Wednesday, 07 June, 2006  09:29:12 AM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Railroad Maintenance and Industrial Health and Welfare Fund, et al.

## DEFENDANTS
Edward E. ecker d/b/a B & T Services

**(b)** County of Residence of First Listed Plaintiff  **Sangamon**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Will**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cavanagh & O'Hara      (217) 544-1771
407 East Adams Street, Springfield, IL 62701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
E.R.I.S.A., 29 U.S.C. Sec. 1145
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $ Undetermined    CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: May 18, 2006        SIGNATURE OF ATTORNEY OF RECORD: s/ James P. Moody

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

## LANDSCAPING
## MEMORANDUM OF AGREEMENT

(7d) 258-0286

THIS AGREEMENT made and entered into by and between **B&T SERVICES**
**4922 W. MARGARET ST MONEE 60449** its successors and assigns, hereinafter referred to as the "EMPLOYER", First Party, and LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, hereinafter referred to as the "UNION" Second Party.

THIS AGREEMENT is made in consideration of the instant promises of the First and Second Parties and the parties do hereby agree as follows:

1. THE EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER was presented and reviewed valid written evidence of the UNION's exclusive designation as bargaining representative by the majority of appropriate bargaining unit employees of EMPLOYER.

2. The Parties agree that the EMPLOYER is part of a single bargaining unit made up of all employers party to the Master Agreement adopted herein.

3. The Parties do hereby adopt the Master Agreement dated December 1, 1985 as amended to November 30, 1996, entered into by and between the UNION and the **NORTHERN ILLINOIS LANDSCAPE CONTRACTORS (ILLINOIS AND INDIANA LANDSCAPE CONTRACTORS LABOR AGREEMENT)** and the parties do hereby mutually agree to be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of Midwest Operating Engineers Welfare Fund and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein. The Employer acknowledges that he has received a copy of the aforesaid Master Agreement, that he has reviewed same, and that he is aware of the obligations arising thereunder.

4. This Agreement and the adoption of the Master Agreement and Agreement and Declaration of Trust referred to in paragraph 3 above shall be effective as of **MAY 1ST, 2001** and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt any Master Agreement entered into between the Union and **NORTHERN ILLINOIS LANDSCAPE CONTRACTORS** subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

5. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three (3) calendar months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the **1ST** day of **MAY, 2001**.

**B&T SERVICES**
Employer
By [signature]
Title: **PRESIDENT**
Edward E. Becker

LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO
By [signature]
Carlos Villalpando

Below this line for office use only

| | |
|---|---|
| NO: Fringe Benefits - Unincorporated Owner/Operator | |
| X YES: Fringe Benefits - Bargaining Unit Employees | |

EXHIBIT A

RESTATED AGREEMENT
AND
DECLARATION OF TRUST

OF THE

RAILROAD MAINTENANCE AND INDUSTRIAL
HEALTH AND WELFARE FUND

Adopted: January 18, 1996

EXHIBIT
B

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Trustees of the Railroad Maintenance and Industrial Health and Welfare Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Association or any other employers association or group shall not be responsible for the contributions, payment or other obligations of any other Employer, or otherwise.

Section 4.2 Employee Contributions. Participants (i) who cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the Trustees under this Fund, and (iii) who are members of such a class of such Participants as to whom the Trustees,

16

consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

Section 4.3   Receipt of Payment and Other Property of Trust. The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4.4   Collection and Enforcement of Payments. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purpose.

17

Section 4.5 <u>Late Payments</u>. The Trustees may require the payment by Employers of liquidated damages at the rate of ten percent (10%) of the balance due or as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees and of other costs and expenses (such as without limitation, attorneys' fees, filing fees and cost of service of papers and all audit costs incurred by the Trustees and arising out of the collection of such Employer's delinquent contributions. Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

Section 4.6 <u>Production of Records</u>. Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees and the insurance carrier, when so authorized by the Trustees, may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.7 <u>Conduct of Trust Business</u>. The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with the Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees

may, in the course of conducting the business of the Trust, execute all instruments in the name of the Railroad Maintenance and Industrial Health and Welfare Fund, which instruments shall be signed by at least one Employer and one Employee Trustee, with the exception of benefit claim checks which any two (2) Trustees may execute; provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

Section 4.8  Report on Contributions and Production of Records. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Welfare Plan. The Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the fund forward unless given written authorization by the Administrator. Upon request to destroy said records, or in the absence of said authorization, said records must be kept for 10 years. The Trustees shall require the Employer to designate the classification of all of his employees and if the employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a substantial difference between hours actually worked and an employee's hours reported to the Trust by his Employer, or where the matter has been referred to Fund Counsel for collection or to obtain an audit, regardless of whether the audit discloses a delinquency, the Employer must pay the cost of the audit. Furthermore, where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of the report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent a personal liability for owners or partners who are not otherwise incorporated.

In addition, the delinquent contributions shall bear interest up to the prime rate of interest as recognized by the First National Bank of Springfield, (or its successor Bank), or such other lawful amount as determined by the Trustees from the due date until totally satisfied.

In the event an Employer party to this Trust Agreement or otherwise bound thereby becomes delinquent in his contributions and the Trustees place the account in the hands of legal counsel for collection, said delinquent Employer shall be liable for reasonable attorney's fees and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. "Reasonable attorney's fees" as used herein shall mean: All reasonable attorney's fees in the amounts for which the Trustees become legally obligated including recovery of liquidated damages, audit costs, filing fees and any other expenses incurred by the Trustees.

# AGREEMENT AND DECLARATION OF TRUST

## OF

## THE MIDWEST OPERATING ENGINEERS PENSION TRUST FUND

EFFECTIVE: April 1, 1963
Restated: June 1, 1971
Restated: June 1, 1976
Restated: June 1, 1990
Restated: June 1, 1999

Prepared By:

Bernard M. Baum
Baum, Sigman, Auerbach,
Pierson & Neuman, Ltd.
200 W. Adams Street, Suite 2200
Chicago, Illinois 60606
(312) 236-4316



EXHIBIT C

Employees, or their beneficiaries, or for the purposes and applications of the Trust Fund as in this Agreement and Declaration of Trust set forth.

C. All funds received by the Trustees hereunder, as a part of the Trust Fund, shall be deposited by them in such bank or banks or trust company or trust companies as the Trustees may designate for that purpose, and all withdrawals of such funds shall be made by the Trustees, pursuant to the authorization provided in Article III, Part III, of this Agreement and Declaration of Trust.

## ARTICLE VI
## CONTRIBUTIONS TO THE TRUST FUND

Section 1. Employers, parties to this Agreement and Declaration of Trust, by virtue of their:

A. Being bound to a written Collective Bargaining Agreement entered into by them or through their collective bargaining representative, and the Union, requiring Employer Contributions to the Trust Fund, on behalf of Employees within the bargaining unit thereunder, or

B. Being bound by to a written Participation Agreement, or other written agreement with the Union, whereunder they shall have agreed to make Employer Contributions to the Trust Fund on behalf of their Employees covered by such written agreement,

shall make prompt payment of the required Employer Contributions in such amount and upon the terms and conditions specified in the applicable Collective Bargaining Agreement with the Union, or other written agreement with the Union, in effect from time to time.

Section 2. The obligation of the Employers to make the required Employer Contributions, as herein specified, shall be absolute and not subject to any set-off or counterclaim the Employer may have, or claim to have for any liability of the Union, or an Employee.

Section 3. Employer Contributions received by the Trustees shall be deposited to the account of the Trustees in such bank or banks as designated by the Trustees.

Investment Manager so appointed shall serve at the pleasure of the Trustees, but may resign, by written resignation directed to the Trustees, at any time.

## ARTICLE III
## DUTIES AND POWERS OF THE TRUSTEES

Section 1. In the administration of the Pension Plan, the Trustees, consistent with the purposes of the Trust Fund shall have power and authority to:

A. Require timely contributions to the Trust Fund by Employers in accordance with written agreements between the Employer or his collective bargaining agent and the Union. The Trustees shall have power to demand, collect, and receive Employer Contributions for the purpose specified herein and shall have power to specify the time, manner, and place of payment thereof, and the right to institute, prosecute or intervene in any proceedings at law or in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of Employer Contributions. In the event that upon audit made by the Trustees and/or upon other evidence it is found by the Trustees that an Employer has failed to make required Employer Contributions, the Trustees are authorized and empowered:

1. to assess and receive from such Employer all costs of the audit.

2. in the administration of the Pension Plan, the Trustees, consistent with the purposes of the Trust Fund, shall have the power and authority to assess and receive from such Employer as liquidated damages those percentages set forth below of the amount found to be delinquent, in that the failure of the Employer to make the required payment of Employer Contributions imposes an additional burden and expense upon the Trustees in the collection thereof; in the administration of the Trust Fund, including but not limited to the processing of late Contributions Reports, correspondence and other communication with said Employer; and, in addition thereto, may cause a loss of benefit of the use of amount required to be paid, all of which are difficult of ascertainment.

(a) to assess and receive from Employers as liquidated damages an amount equal to ten (10%) percent of the amount found to be delinquent in those instances where the delinquent contribution is collected either without the necessity of instituting a lawsuit or where collection is effectuated through a lawsuit.

20

    (b)    in any action filed in the United States District Court for the Northern District of Illinois, or any other District, by the Trustees of this Plan to enforce Section 515 of the Multi-Employer Pension Plan Amendments Act of 1980, a Judgment in favor of the Trustees of this Fund shall include liquidated damages in an amount equal to twenty (20%) percent of the unpaid contributions.

3. To impose and receive from such Employer any amounts Trustees are required to pay for the benefit of an eligible Employee of such Employer, or an Employee who would be eligible except for the failure of such Employer to make required contributions on his behalf.

4. To impose and receive from such Employer all costs, audit expenses and attorneys' fees incurred by the Trustees in enforcing the provisions hereof, whether by litigation or otherwise.

5. To require such Employer to make weekly deposits of Employer Contributions in an amount determined by the Trustees, based on objective standards.

Provided that the Trustees have given such Employer reasonable notice of such requirement for weekly deposits, the amount to be deposited, the date such deposits are due and the basis on which the weekly deposit is determined and required.

6. To require such Employer to furnish to the Trustees a bond, with reputable surety thereon:

    (a)    with the Trustees as obligees thereunder;

    (b)    in an amount determined by the Trustees consistent with the anticipated future obligations of such Employer; and

    (c)    with notice provisions acceptable to the Trustees consistent with the purposes of such bond.

The remedies provided herein shall be exclusive of any other remedies available to the Trustees, and shall have no effect upon such remedies.

B. Make such uniform rules and regulations as are consistent with and necessary for effectuating the provisions of this Agreement and Declaration of Trust, including but not limited to the following:

# MIDWEST OPERATING ENGINEERS
## CONSTRUCTION INDUSTRY RESEARCH AND SERVICE TRUST FUND
### AGREEMENT AND DECLARATION OF TRUST

PREPARED BY:

BAUM, SIGMAN, AUERBACH, PIERSON & NEUMAN

JUNE 29, 1995  AS AMENDED

SEPTEMBER 27, 1995


EXHIBIT D

## ARTICLE XI

### Duties and Powers of the Trustees

11.1   In the administration of the Trust Fund, the Trustees, consistent with the purposes of the Trust Fund, shall have the power and authority to:

A.   Require immediate contributions to the Trust Fund by Employers in accordance with written agreements between the Employer or his collective bargaining agent and the Union. The Trustees shall have the power to demand, collect and receive Employer Contributions for the purpose specified herein and shall have power to specify the time, manner, and place of payment thereof, and the right to institute, prosecute or intervene in any proceedings at law or in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of Employer Contributions. In the event that upon audit made by the Trustees and/or upon other evidence it is found by the Trustees that an Employer has failed to make required Employer Contributions, the Trustees are authorized and empowered:

1)   To impose and receive from such Employer all costs of the audit.

2)   To assess and receive from such Employer as liquidated damages an amount equal to ten (10%) per cent of the amount found to be delinquent, in that the failure of the Employer to make the required payment of Employer Contributions imposes additional burden and expense upon the Trustees in the collection thereof in the administration of the Trust Fund, including but not limited to the processing of late contribution reports, correspondence and other communication with said Employer; and, in addition thereto will cause a loss of benefit of the use

of amounts required to be paid, all of which are difficult of accurate ascertainment.

3) To impose and receive from such Employer all costs, audit expenses and attorneys fees incurred by the Trustees in enforcing the provisions hereof, whether by litigation or otherwise.

4) To require such Employer to make weekly deposits of Employer Contributions in an amount determined by the Trustees, based on objective standards.

Provided that the Trustees have given such Employer reasonable notice of such requirement for weekly deposits, the amount to be deposited, the date such deposits are due and the basis on which the weekly deposit is determined and required.

5) To require such Employer to furnish to the Trustees a bond, with a reputable surety thereon,

    (a) with the Trustees as obligees thereunder

    (b) in an amount, determined by the Trustees, consistent with the anticipated future obligations of such Employer

    (c) with notice provisions acceptable to the Trustees consistent with the purposes of such bond.

The remedies provided herein shall be exclusive of any other remedies available to the Trustees, and shall have no effect upon such remedies.